IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

MISC. NO. 1:08MC62

| | |
|---|---|
| UNITED COMMUNITY BANK, ) <br> ) <br> Claimant, ) <br> ) <br> Vs. ) <br> ) <br> NASEEM M. AHMED, and TAHMEENA ) <br> I. AHMED, *et al.,* ) <br> ) <br> Respondents. ) <br> ) | **O R D E R** |

**THIS MATTER** is before the Court on the Respondents' motion to compel the testimony of Jean Austin, a witness in arbitration proceedings between Respondents and Claimant. **Motion to Compel, filed December 23, 2008.** Neither Claimant nor Ms. Austin have filed any response to the motion, and the time for doing so has now expired.

The arbitration in this case concerns "a land development pyramid scheme/investment fraud centered on the Village of Penland." *Id.* at 1. According to Respondents, Ms. Austin, who is not a party to the arbitration, obeyed a subpoena to appear before the arbitrator. *Id.* Once present, however, she invoked her Fifth Amendment privilege against self-

incrimination and refused to answer any questions put to her by Respondents. *Id.* at 2. The arbitrator then ordered the evidence to be held open in order to allow Respondents a reasonable time to petition this Court for an order compelling her testimony. **Exhibit 1, Preliminary Order No. 8, attached to Motion to Compel, *supra*, at 1-2.** Jurisdiction over such a dispute is conferred on this Court by the Federal Arbitration Act. *See* 9 U.S.C. § 7.

The Fifth Amendment declares in pertinent part that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." **U.S. Const. amend. V.** A witness has the right to assert a Fifth Amendment privilege whenever he or she has "reasonable cause to apprehend a real danger of incrimination." *In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983).

One who wishes to invoke the privilege must do so "with sufficient particularity to allow an informed ruling on the claim." **N. River. Ins. Co. v. Stefanou, 831 F.2d 484, 487 (4th Cir. 1987).** A "mere blanket refusal to answer questions does not suffice." *Id.*; *see also United States v. Arnott*, 704 F.2d 322, 324-25 (6th Cir. 1983) (holding that witness's **blanket assertion of Fifth Amendment privilege prior to questioning**

**was improper).** Rather, the witness must assert the privilege with respect to particular questions, so that the Court can determine in each instance whether the Fifth Amendment has been properly invoked. ***Hoffman v. United States*, 341 U.S. 479, 486-87 (1951).** "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id.*

Here, the transcript of Ms. Austin's testimony contains no indication of why she was invoking her Fifth Amendment privilege. Counsel for Respondents posed several very broad questions to her, such as, "Is it correct that you would take the Fifth Amendment in connection with any questions I might ask you regarding conversations that you had with any of the investors in The Village of Penland?" **Exhibit 2, Testimony of Jean A. Austin, *attached to* Motion to Compel, *supra*, at 6.** Ms. Austin stated repeatedly that she intended to plead the Fifth to every question Respondents could pose to her. *Id.* **at 4-6.** Interestingly, she also readily admitted that she had been deposed on two prior occasions on the same


issues, but she had not asserted her Fifth Amendment privilege in those instances.  *Id.* **at 6-7.**

In light of these circumstances, and lacking any indication of why Ms. Austin suddenly changed her mind and issued a blanket refusal to testify at the arbitration hearing, the Court is compelled to conclude that her invocation of the Fifth Amendment is ineffective.  It is not evident from the record what "injurious disclosure" Ms. Austin apparently fears.  **N. River. Ins. Co., 831 F.2d at 487.**  Thus, the Court cannot make "an informed ruling on [her] claim." *Hoffman,* **341 U.S. at 487.**  Without more specificity, the Court is unable to protect Ms. Austin's privilege against self-incrimination.

**IT IS, THEREFORE, ORDERED** that Respondents' motion to compel Ms. Austin's testimony, despite her attempt to invoke her Fifth Amendment privilege, is hereby **GRANTED**.

Signed: January 14, 2009

Lacy H. Thornburg
United States District Judge